## STEWART v. KAISER CO., Inc., and four other cases.

### Civil Actions Nos. 3008, 3030, 3065, 3269, and 3399.

### District Court, D. Oregon.
### March 26, 1947.

James Landye (of Green & Landye), Harry H. George, Jr., William A. Martin, and Herbert B. Galton, all of Portland, Or., for plaintiffs.

Gordon Johnson, of San Francisco, Cal., and Richard Devers (of Hart, Spencer, McCulloch & Rockwood), of Portland, Or., for defendant.

McCOLLOCH, District Judge.

In this group of cases large sums are demanded of the Government by war time workers who were employed in the Kaiser shipyards at Portland and Vancouver, Washington. On one ground or another the plaintiffs assert they were underpaid according to the terms of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. In one case $100,000 attorneys' fees are demanded.

The Pre-Trial confirmed what has been the general understanding, that the Kaiser war time operations were one hundred per cent. financed and controlled by the Government. The Kaiser genius for production was employed in a management capacity in the expenditure of vast public funds in the war effort. Any recovery in these cases will be paid from the public Treasury.

As the country faces about to meet a new foe, it must be remembered that the men and women who worked in the shipyards were doing no more than their proper part in the war. They were well paid and well cared for in every respect. Their services could have been demanded on lesser terms.

There must come an end to gouging the Government. Nothing that I heard at the Pre-Trial makes me believe that the Government, the ultimate paymaster, is under obligation to pay guards and other shipyard employees a second time, and in addition attorneys' fees. In short, the employment was provided by the Government, it was directed and controlled by the Government, and the Wages and Hours Act, which was enacted as a peace time measure to improve working conditions in private industry, has no application in the respect here claimed.

The cases will proceed to trial on the issue of coverage.